## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,         :

        v.                        :      **Cr. No. 06-037 (EGS)**

JOHN C. JOHNSON,                  :

        **Defendant.**        :

### SUPPLEMENTAL SENTENCING MEMORANDUM

Pursuant to this Court's February 14, 2007, order, Mr. John C. Johnson, the defendant, respectfully submits the following regarding the impact on this case of the opinion of the United States Court of Appeals for the District of Columbia Circuit, in United States v. Pickett, __ F.3d __, 05-3179 (February 13, 2007).

### Procedural Background

On June 29, 2006, Mr. Johnson, the defendant, entered a plea of guilty to one count of unlawful maintenance of a premise to manufacture, distribute, store or use a controlled substance. At undersigned counsel's request, the Court has continued Mr. Johnson's sentencing on several occasions to await the D.C. Circuit's opinion in Pickett. Sentencing is now scheduled for March 28, 2007.

### Factual Background[1]

---

[1]The following facts were set forth in Mr. Johnson's original Sentencing Memorandum. Counsel re-submits them here for the Court's convenience.

Mr. Johnson is a 52-year-old man who has only two prior convictions for minor offenses -- one for driving without a valid permit in 2003, and one for petit larceny almost thirty years ago, in 1978.

Mr. Johnson was born in rural Maryland, where his family lived on a farm as sharecroppers. He was the youngest of fifteen children. When he was eighteen, he moved to the District of Columbia and stayed with one of his sisters.

A short time after moving to the District of Columbia, Mr. Johnson obtained a job with the federal government. He worked for more than twenty years at the United States Information Agency, and then for almost five years at the Smithsonian Natural History Museum. In 2000, he became disabled with carpal tunnel syndrome and had several surgeries to repair the damage in his hands. Unable to work, he began receiving workman compensation payments.

Mr. Johnson was able to maintain his employment over more than twenty-five years, despite a long-term drug addiction. He has been addicted to heroin since he was 22 years old and to crack cocaine since he was 33 years old. His 30-year addiction is what has brought him before this Court.

The instant offense arose as a direct result of his addiction. In exchange for crack, Mr. Johnson allowed another man to store a bag containing drugs and guns in his apartment.

Mr. Johnson did so only as a means of supporting his drug addiction, and did not participate in the distribution of the drugs.

Since his arrest, Mr. Johnson has been participating in substance abuse treatment at PIDARC. He is in the methadone treatment program. Unfortunately, Mr. Johnson's long-term addiction has taken a toll on his health. He has been diagnosed with Hepatitis C and a swollen liver. He recently had surgery to remove his gallbladder and surgery for a hernia. He is currently scheduled to have surgery for problems with his feet.

## Argument

In Pickett, the D.C. Circuit made clear that "[a] sentencing judge cannot simply presume that a Guidelines sentence is the correct sentence." Pickett, __ F.3d at __, slip op. at 12. Instead, the Court must "evaluate how well the applicable Guideline effectuates the purposes of sentencing enumerated in § 3553(a)." Id. "One, but only one, of the factors sentencing courts must . . . consider is the sentencing range under the Guidelines, 18 U.S.C. § 3553(a)(4)(A)." Id. at 9-10 (emphasis added). Here, a review of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) demonstrates that a sentence within the applicable Guideline would not effectuate the purposes of sentencing.

The factors the Court must consider include:   "The nature
and circumstances of the offense and the history and
characteristics of the defendant; . . . the kinds of sentences
available; . . . the need to avoid unwarranted sentence
disparities among defendants with similar records who have been
found guilty of similar conduct; and . . . the need to provide
restitution to any victims of the offense."  18 U.S.C. 3553(a).
After considering all of the factors set forth in § 3553(a), the
Court must impose a sentence "that reflect[s] the seriousness of
the offense, promote[s] respect for the law, provide[s] just
punishment, afford[s] adequate deterrence, protect[s] the public,
and effectively provide[s] the defendant with needed educational
or vocational training and medical care."  Id. at 765 (citing 18
U.S.C. § 3553(a)(2)).   Sentences must be "sufficient, but not
greater than necessary, to comply with the purposes set forth in
paragraph [(a)](2) [of § 3553]."  18 U.S.C. § 3553(a) (emphasis
added).

As set forth in the Presentence Investigation Report, the
applicable sentencing range under the Guidelines is 46 to 57
months.  A sentence in this range would be greater than necessary
to serve the purposes of sentencing set forth in § 3553.

Although Mr. Johnson pled guilty, not to distribution of
possession with intent to distribute crack cocaine, but to the
unlawful maintenance of a premises to manufacture, distribute,

store, and use a controlled substance, the Guidelines calculation is based on the guidelines for crack cocaine offenses.  These Guidelines do not reflect Mr. Johnson's culpability and exaggerate the nature of the offense.

In Pickett, the D.C. Circuit held that "a district court, in sentencing a defendant, may properly take into account the fact that the 100-to-1 ratio embedded in the Sentencing Guidelines for crack-to-powdered cocaine offenses bears no meaningful relationship to a defendant's culpability."  United States v. Picket, __ F.3d __, __ (D.C. Circuit February 13, 2006) (J.Rodgers concurring).  The court found that it was "beyond doubt that the district court erred in refusing to evaluate whether sentencing Pickett in accordance with Guideline § 2D1.1, and its 100-to-1-ratio, would effectuate the purposes of sentencing set forth in § 3553(a)."  Pickett, __ F.3d at __, slip op. at 14.  In doing so, the court relied on the United States Sentencing Commission's own assessment that the cocaine guidelines do not effectuate the purposes of sentencing.

The court noted, "[w]hen it comes to the application of Guideline § 2D1.1 in crack cocaine cases, the Commission is one of its severest critics."  Id. at 12.  In 2002, the Commission "bluntly" stated that it "'firmly and unanimously believes that the current federal cocaine sentencing policy is unjustified and fails to meet the sentencing objectives' in § 3553(a)."  Pickett,

__ F.3d at __, slip op. at 12-13.  The crack cocaine guidelines

are unjustified and do not meet the objectives of § 3553 for

numerous reasons, including:  (1) the guidelines lead "to

anomalous results in which retail crack dealers get longer

sentences than the wholesale drug distributors who supply them

the powder cocaine from which their crack is produced;" (2) the

100-to-1 ratio "greatly overstates the relative harmfulness of

crack cocaine;" (3) crack cocaine dealers who are responsible for

relatively small quantities "receive especially disparate

penalties in comparison to similar powder cocaine offenders;" (4)

"all crack cocaine offenders [are treated] as if they committed

[harmful conduct such as violence], even though most crack

cocaine offenders in fact had not;" (5) "use of the 100-to-1

ratio and its quantity-based approach threatens public confidence

in the federal courts because it has had a disproportionate

impact on African-American offenders;" and (6) although "meant to

promote uniformity in sentencing, not to increase the length of

sentences," the crack guidelines increased sentences "far above"

the sentences typically imposed prior to the Guidelines.

Pickett, __ F.3d at __, slip op. at 13 (internal quotation marks

and citations omitted).  The D.C. Circuit found:  "In terms of

the sentencing factors of § 3553(a), the Commission thus believes

that its Guideline for crack distributors generates sentences

that are 'greater than necessary,' exaggerates 'the seriousness

of the offense' of crack trafficking, does not 'promote respect

for the law,' and does not 'provide just punishment for the

offense.'"  <u>Id</u>. at 14 (quoting 18 U.S.C. § 3553(a), (a)(2)(A)).

The Commission's assessment that the crack guidelines do not

meet the purposes of sentencing applies to all defendants.

<u>Pickett</u>, __ F.3d at __, slip op. at 14.  The assessment is

particularly striking as to Mr. Johnson.  Mr. Johnson is not the

"serious or high-level trafficker" that should receive a high

sentence such as that suggested by the Guidelines.  In fact,

Mr. Johnson was not a drug dealer at all.  Mr. Johnson is a 52-

year-old man with a 30-year-old drug addiction who permitted a

drug dealer to store in his apartment a bag containing drugs, in

exchange for small piece of crack cocaine that Mr. Johnson used

to feed his own addiction.  Application of the crack guidelines

here would create the very problems that concerned the Commission

and the D.C. Circuit in <u>Pickett</u> – such a sentence would punish a

minimally culpable individual who was not involved in any

violence (or actual drug dealing) as if he were a high-level drug

trafficker.  Here, a sentence of any incarceration would be

greater than necessary, exaggerate the seriousness of the

offense, not promote respect for the law, and not provide just

punishment.

The Sentencing Commission has stated that sentences for

crack offenders more equivalent to those for powder offenses

would "dramatically improve the fairness of the federal sentencing system."  This Court can accomplish this by imposing a sentence within the range established for an equivalent amount of powder cocaine.  If Mr. Johnson's Guidelines are calculated using the powder cocaine Guidelines, the appropriate sentencing range would be 0 to 6 months, based on a criminal history category I and offense level 8 (base offense level 16, minus 2 levels for the safety valve, minus 4 levels for not participating in the underlying offense, minus 2 levels for acceptance of responsibility).

The other factors set forth in § 3553 similarly support a sentence significantly below the range suggested by the crack cocaine Guidelines.  First, when considering the nature and circumstances of the offense, the Court should consider Mr. Johnson's limited involvement in the offense and why he was involved:  Mr. Johnson made his apartment available for a drug dealer to store drugs in order to support his own addiction.

When considering the history and characteristics of Mr. Johnson, the Court should consider that Mr. Johnson is 52 years old and this is his first felony conviction, that his only recent prior conviction was for a traffic offense (driving without a permit), and that his only other prior conviction was for petit larceny almost thirty years ago.  Mr. Johnson held a job with the federal government for twenty-five years and helped

raise two daughters.  Most recently, Mr. Johnson has made significant efforts to control his drug addiction.  He has been participating in the PIDARC methadone treatment program since just after his arrest in this case.  Incarcerating Mr. Johnson at this point would have a negative effect on the progress he has made with regard to controlling his addiction and also could have a detrimental effect on his deteriorating health.

Any period of incarceration in this case would be greater than necessary to comply with the purposes of sentencing set forth in § 3553 (reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care).

**Conclusion**

For the foregoing reasons and such other reasons as may be presented at the sentencing hearing in this matter, Mr. Johnson respectfully requests that the Court impose a sentence that does not include a period of incarceration.

Respectfully submitted,

/s/
_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202)208-7500