**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


**UNITED STATES OF AMERICA,**          :

            **v.**                              :          **Cr. No. 06-037 (EGS)**

**JOHN C. JOHNSON,**                   :

          **Defendant.**          :

### REPLY TO GOVERNMENT'S SECOND
### SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

It comes as no surprise that the government persists in arguing that a Guidelines sentence is appropriate, because the government does so routinely without regard to the facts.  The government's attempt to argue here that a 46-month term of imprisonment (based on the crack cocaine Guidelines disavowed by the United States Sentence Commission who wrote them) is appropriate for a 52-year-old man with a 30-year heroin and crack addiction, no prior felony record and a long record of employment, who did not sell any controlled substance but permitted a drug dealer to use his apartment to store drugs in exchange for a small amount of crack cocaine for his own use, only demonstrates the absurdity of the government's rote persistence in requesting Guidelines sentences.

The government asks the Court to base Mr. Johnson's sentence on the crack cocaine Guidelines, despite the fact that the Sentencing Commission itself has long recognized that these Guidelines do not effect the purposes of sentencing set forth in

18 U.S.C. § 3553, and notwithstanding the D.C. Circuit's recent recognition that "the 100-to-1 ratio embedded in the Sentencing Guidelines for crack-to-powdered cocaine offenses bears no meaningful relationship to a defendant's culpability." United States v. Picket, __ F.3d __, 2007 WL 445937 *8 (D.C. Circuit February 13, 2006) (J.Rodgers concurring) (emphasis added).[1]  In doing so, the government argues that "it is not the case that in all circumstances a sentence for a crack cocaine violation consistent with § 2D1.1 will fail to effectuate the purposes of the sentencing statute."  Government Second Supplemental Memorandum at 9 (emphasis in original).  That argument simply ignores the D.C. Circuit's notation that the Commission's determination that the crack cocaine Guidelines do not effectuate the purposes of sentencing applies to all defendants.  Pickett, __ F.3d __, 2007 WL 445937 *6 ("The Commission's self-assessment does not rest on the particulars of any one offender.").

In arguing that the crack cocaine Guidelines should be

---

[1]Mr. Pickett pled guilty to distributing more than five grams of crack cocaine and was accountable for the distribution or possession with intent to distribute between fifty and 150 grams of crack cocaine and the applicable Guidelines sentencing range was 121 to 151 months (with a criminal history category IV), using the crack cocaine Guidelines.  Pickett, __ F.3d __, 2007 WL 445937 *1.  Using the powder cocaine Guidelines, his sentencing range would be 30 to 37 months.  Ironically, here (for a defendant who sold no controlled substance and has no felony record) the government is asking for a sentence greater than the sentencing range that the D.C. Circuit found the district court erred in failing to consider for Mr. Pickett, who was a drug dealer and had a significant record.

2

applied to Mr. Johnson, the government skewed the facts.

Although guns were in the bag that the drug dealer stored in Mr.

Johnson's apartment, Mr. Johnson did not possess those guns.  The

government (albeit the Assistant United States Attorney

previously assigned to this case) recognized this fact after

speaking with Mr. Johnson and then agreed not to request the two-

level increase for possession of a weapon under U.S.S.G.

§ 2D1.1(b)(1).  The Assistant United States Attorney now assigned

to this case, Mr. Liebman, knows this because, after he attempted

to persuade the probation officer to include the two-level

increase for possession of a weapon, undersigned counsel called

him.  Mr. Liebman, in turn, called the previously assigned

government counsel who informed Mr. Liebman of the position he

agreed to take <u>after</u> speaking to Mr. Johnson.  Although

Mr. Liebman then withdrew his request to the probation officer,

he now suggests that the government's decision to "elect not to

argue" for the two-level gun increase was some sort of gift from

the government, rather than what it was – a recognition of the

facts of this case:  Mr. Johnson is not responsible for the

possession of a gun.  The government's argument now that firearms

were involved in this offense is misleading and inconsistent with

prior government counsel's own assessment of Mr. Johnson and his

role in the offense.

The government's argument based on the proximity of
Mr. Johnson's home to an elementary school also is misleading.
As the government specifically recognized in agreeing that the
four level decrease under U.S.S.G. § 2D1.8(a)(2) applies, Mr.
Johnson had no participation in the underlying controlled
substance offense other than allowing use of his premises.
Mr. Johnson did not distribute (or intend to distribute) any of
the drugs found in his apartment and certainly never distributed
them within a school zone.

The government's argument that the location of Mr. Johnson's
apartment supports a finding that sentencing Mr. Johnson based on
the crack cocaine Guidelines effectuates the purposes of the
sentencing is based on a misrepresentation of a statement by the
Sentencing Commission.  Government counsel states:

> Moreover, in its criticism of the 100-to-1
> ratio, the Sentencing Commission has noted
> that one justification for the ratio has been
> the purported higher use by young people of
> crack cocaine versus cocaine powder.  The
> Commission's response has been that, rather
> than address this factor through the quantity
> of drugs involved in the offense, it would be
> better simply to impose higher penalties for
> <u>drug offenders who commit their offenses</u> "in
> areas likely to be frequented by juveniles
> (e.g., playgrounds or schools)."  U.S.
> Sentencing Commission, Report to the
> Congress:  Cocaine and Federal Sentencing
> Policy at 97 (May 2002) (hereinafter
> "U.S.S.C. 2002 Report").

Government's Second Supplemental Memorandum at 10 (emphasis
added).  In fact, the Commission's 2002 Report states:

> Instead of accounting for this harmful
> conduct in the quantity-based penalties,
> sentencing proportionality would be better
> achieved by imposing enhanced sentences on
> the small minority of <u>offenders who</u> sell any
> type of drugs to juveniles, <u>conduct drug
> distribution</u> in areas likely to be frequented
> by juveniles (<u>e.g.</u>, near schools and
> playgrounds), or use juveniles in drug
> distribution activities.

Without the government's misleading paraphrasing of the

Commission's statement (artfully using the general phrase "drug

offenders who commit their offenses" instead of the specific

words used by the Commission "offenders who . . . conduct drug

distribution"), the statement does not apply to the facts of this

case – Mr. Johnson did not conduct <u>any</u> drug distribution.

The government has presented no valid reason why the crack

cocaine Guidelines, which have been disavowed by the Sentencing

Commission, should be given the "substantial deference" the

government requests or why a sentence within this range is

appropriate.  Moreover, the Court should completely disregard the

government's attempt to use facts not supported by the record (or

the government's prior agreements) to support a sentence of 46

months.  As set forth in Mr. Johnson's Sentencing Memorandum and

Supplemental Sentencing Memorandum, a review of all of the

sentencing factors set forth in 18 U.S.C. § 3553, supports a

sentence that does not include a period of incarceration.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


                /s/
_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202)208-7500