IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 06-37 |
| | : | Sentencing Date: June 18, 2008 |
| JOHN JOHNSON, | : | |
| Defendant. | : | |
| | : | |
| | : | |

**GOVERNMENT'S THIRD SUPPLEMENT TO SENTENCING MEMORANDUM**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby supplements its September 29, 2006 sentencing memorandum.[1]

The parties have long disagreed on how to calculate and apply the crack cocaine guidelines to this case. What is clear is that "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" for determining the defendant's sentence. Gall v. United States, 128 S.Ct. 586, 596 (2007). This Court must also consider all of the sentencing considerations set forth in 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional

---

[1] This memorandum is the third supplement to the original. On October 31, 2006, the government filed its initial supplement to respond to the defendant's argument that the sentencing range recommended by the United States Sentencing Guidelines was unreasonable due to the disparity in the Guidelines between crack-related offenses and cocaine powder offenses. On March 5, 2007, the government filed its second supplement to address United States v. Pickett, 475 F.3d 1347 (D.C. Cir. 2007).

treatment in the most effective manner; (5) the Guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. See id.

On January 5, 2006, Metropolitan Police Department officers executed a search warrant at the defendant's home at 2520 Tenth Street, NE, Washington, D.C., and recovered contraband in three separate locations. Nine small ziplock bags containing cocaine base, also known as crack, were recovered in the living room inside a pill bottle. In the single bedroom of the apartment, the police recovered a razor blade and a plate. In the hallway officers discovered a black bag hidden behind a plumbing access door. The bag contained a large rock of crack cocaine, 74 additional small ziplocks containing crack cocaine, a digital scale, hundreds of empty small ziplock bags, a 9 mm semi-automatic handgun, a .380 caliber semi-automatic handgun, 35 rounds of 9 mm ammunition, and 35 rounds of .380 caliber ammunition. The statement of facts and the plea agreement specifically provided that the defendant accepted responsibility for all of the crack cocaine recovered, including the crack stored alongside the firearms and ammunition, all totaling 58.24 grams – indeed, the defendant admitted that he knew about the drugs and the firearms stored in the apartment. The defendant pled guilty to maintaining a crack house.

Permitting others to store crack at one's residence, located just two blocks from an elementary school, no matter a person's personal drug pathology, is, without more, a serious offense. Yet the defendant's willingness to allow others to store guns and ammunition at his residence in connection with their distribution of crack cocaine placed the public in even greater harm's way. Moreover, while on release, the defendant, a long-term drug addict, has engaged in systematic

violations of the law, in violation of this Court's orders, by repeatedly resorting back to illicit drug use, and shows little sign of interest in further compliance.[2] The defendant may have access to drug counseling while incarcerated, and there is no evidence put forth by the defendant that the Bureau of Prisons cannot attend to his health concerns.

Although defense counsel accurately notes that in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), the Supreme Court held it was reasonable for a district court judge to deviate downward from the guideline range, defense counsel offers no basis for why a 1:1 ratio of powder to crack cocaine, rather than a 20:1, 50:1, or any other ratio, would be an appropriate standard for this Court to use in evaluating the section 3553(a) factors.  Further, while the defendant complains of a 100:1 disparity between the sentencing range for powder cocaine and crack cocaine, the actual disparity for the defendant since the Sentencing Guideline Amendments, 72 Fed. Reg. 28571-28572 (2007) is closer to 60:1.  Neither Congress nor the Sentencing Commission have ever adopted the 1:1 ratio proposed by the defendant, and this Court should decline to do so here.

Because a sentence of 37-46 months is a reasonable amount of incarceration time for a person who has allowed his residence to be used by armed drug dealers trafficking in cocaine base, and who has repeatedly flouted his conditions of release, the government requests that the Court sentence the

---

[2]The defendant's Second Supplemental Sentencing Memorandum indicates that he is in a methadone program and is "doing well," has made "significant progress," and that a sentence of incarceration "could have a negative impact" on the defendant's progress.  But it is the government's understanding that the defendant has tested positive for new heroin usage on January 30, 2008, February 6, 2008, and February 11, 2008, and that as a result, according to the pretrial service officer, he was temporarily removed from the methadone program.  That the defendant has been minimally compliant with his conditions of release for a couple of months since then should not qualify as the type of progress meriting lenience in sentencing.  Instead, the defendant appears to be engaging in the same pattern of sporadic illicit drug usage, followed by periods of compliance, that he has maintained since October 2006 when he began methadone treatment.

defendant to a period of incarceration at the low end of that range.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney

                                            By: _____
                                            Jeff Pearlman
                                            DC Bar 466901
                                            Assistant United States Attorney
                                            555 4th Street, N.W.
                                            Washington, D.C.  20530
                                            (202) 353-2385
                                            jeffrey.pearlman@usdoj.gov