UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Cr. No. 06-037 (EGS) |
| **JOHN C. JOHNSON** | : | |

DEFENDANT'S REPLY TO
GOVERNMENT'S THIRD SUPPLEMENT TO SENTENCING MEMORANDUM

The government argues that it is clear that "'the Guidelines should be the starting point and the initial benchmark' for determining the defendant's sentence." Government's Third Supplement at 1 (citing Gall v. United States, 128 S.Ct. 586, 596 (2007)). What is also clear, however, is the "Sentencing Commission's consistent and emphatic position that the crack/powder disparity is at odds with § 3553(a)." Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 564 (2007). Given the Sentencing Commission's repudiation of the crack cocaine guidelines – and the Commission acknowledgment that the 2007 amended crack cocaine guidelines do not come close to solving the problem with the disparity – the Court should not place any weight on the Guidelines in this case.

The government argues that, as applied to Mr. Johnson, the disparity is "closer to 60:1," and complains that the defense "offers no basis for why a 1:1 ratio of powder to crack cocaine, rather than a 20:1, 50:1, or any other ratio, would be an appropriate standard for this Court to use in evaluating the section 3553(a) factors." Government's Third Supplement at 3. However, it is the Sentencing Commission that has recommended a 1:1 ratio. See Kimbrough, 128 S.Ct. at 569 (noting Commission's 1995 attempt to reduce ratio to 1-to-1 and subsequent attempts to reduce ratio to 5-to1 or "at least" 20-to-1). It is the 60:1 disparity that the government proposes

that is completely unjustified.  There is simply no reason to sentence Mr. Johnson to a term of incarceration dramatically more severe than a sentence that would be imposed on a defendant who committed the same acts and had the same criminal history, but permitted a drug dealer to store powder, rather than crack, cocaine.

In the Government's Third Supplement, the third Assistant United States Attorney assigned to this case, as did the second, makes several references to the fact that the drug dealer who used Mr. Johnson's apartment to store drugs also stored guns and ammunition there, erroneously suggesting that Mr. Johnson was somehow accountable for the weapons.  Once again, counsel reminds the government of the history of this case:  Mr. Johnson did not possess those guns.  The government (albeit the first Assistant United States Attorney assigned to this case) recognized this fact after speaking with Mr. Johnson and then agreed not to request the two-level increase for possession of a weapon under U.S.S.G. § 2D1.1(b)(1).  This was not a gift from the government, rather it was a recognition of the facts of this case -- Mr. Johnson is not responsible for the possession of any gun.  The government's argument now that firearms were involved in this offense is misleading and inconsistent with the assessment of the first Assistant United States Attorney assigned to this case – and the only Assistant United States Attorney who has spoken to Mr. Johnson – regarding Mr. Johnson and his role in the offense.

Finally, the government points to Mr. Johnson's struggles with his 30-year drug addiction and suggests that his inability to completely control this addiction warrants a substantial period of incarceration.  In particular, government counsel notes Mr. Johnson's struggles at the beginning of this year.  Those struggles, however, are more complicated that the government's description suggests.  As the Court knows, Mr. Johnson has significant health problems.  At the

beginning of this year, he had surgery on his foot and he relapsed.  He was hospitalized for detoxification and to obtain treatment for depression.  While he has not had complete success, he has made significant progress in controlling his addiction, and he has done well over the last few months.

In addition, recently, counsel learned of a new treatment program offered by the Probation Office.  The program includes the use of a new prescription drug, Suboxone, as an alternative to methadone treatment.  It may be that such a program would work well for Mr. Johnson.  Although the Probation Office offers this treatment program, the Pretrial Services Agency does not have a program that provides such treatment.  However, if the Court places Mr. Johnson under the supervision of the Probation Office, as he requests, the Probation Office could monitor and evaluate his substance abuse treatment program and place him in the Suboxone program if appropriate.

## **Conclusion**

The sentence recommended by the government and the Guidelines simply is not appropriate for a 52-year-old man with a 30-year heroin and crack addiction, no prior felony record and a long record of employment, who did not sell any controlled substance but permitted a drug dealer to use his apartment to store drugs in exchange for a small amount of crack cocaine for his own use.  For all of the foregoing reasons, the reasons submitted in Mr. Johnson's Sentencing Memorandum, Supplemental Sentencing Memorandum, and Second Supplemental Sentencing Memorandum, and such other reasons as may be presented at the sentencing hearing, Mr. Johnson respectfully requests that the Court impose a sentence that does not include a period of incarceration.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500